**Shou Yong CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, John Ashcroft, United States Attorney General Respondent.**

**Docket No. 02–4477.**

United States Court of Appeals, Second Circuit.

July 13, 2005.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner (on submission).

Kevin M. Laden, United States Department of Justice, Civil Division, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Werney, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), for Respondent (on submission).

Present: WESLEY, HALL, Circuit Judges, and SCULLIN, Chief District Judge.[1]

**SUMMARY ORDER**

Shou Yong Chen, a citizen of the People's Republic of China, petitions this Court for review of an August 12, 2002 order of the Board of Immigration Appeals ("BIA"), affirming the August 21, 1998 order of an Immigration Judge ("IJ"). The IJ rejected petitioner's claims for asylum, withholding of removal, and voluntary departure, and ordered that petitioner be

---

1. The Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York sitting by designation.

removed from the United States to the People's Republic of China. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of issues.

We review the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). "We review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)); *see also INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "[C]redibility determinations are entitled to the same deference on review as other factual determinations," but an IJ "must give 'specific, cogent' reasons for rejecting [a] petitioner's testimony...." *Ramsameachire*, 357 F.3d at 177–78 (quoting *Secaida–Rosales*, 331 F.3d at 307).

Based on our review of the record, we conclude that substantial evidence supported the IJ's denial of petitioner's asylum and withholding of removal claims. An applicant is eligible for asylum only if he first establishes that "he is 'unable or unwilling' to return to his native country because of 'persecution or a well-founded fear of persecution on account'" of specified grounds. *Ramsameachire*, 357 F.3d at 178 (quoting 8 U.S.C. § 1101(a)(42)). An applicant who fails to establish eligibility for asylum is necessarily precluded from satisfying the heavier burden for withholding of removal. *See Zhang v. INS*, 386 F.3d 66, 71 (2d Cir.2004). The IJ detailed various discrepancies in petitioner's testimony, as well as problems with petitioner's documentary evidence. On this record, a reasonable fact-finder could

have determined that petitioner was not credible. We therefore do not disturb the IJ's conclusion that petitioner has failed to establish a well-founded fear of persecution.

Petitioner also argues that the IJ erred by failing to consider whether he was entitled to relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). However, petitioner did not raise this issue before the IJ or the BIA. We therefore lack jurisdiction to consider it. *See Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004) (per curiam).

For the reasons set forth above, the petition for review is hereby DENIED.