**Qin Bao ZHANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 03–40385–AG.**

United States Court of Appeals, Second Circuit.

March 20, 2006.

Joshua Bardavid (Theodore N. Cox, on the brief), The Law Office of Theodore N. Cox, New York, New York, for Petitioner.

Toi Denise Houston, Assistant United States Attorney (Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, on the brief), Hammond, Indiana, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the petition is **DISMISSED IN PART** and **DENIED IN PART.**

Petitioner Qin Bao Zhang petitions for review of the August 8, 2003 order of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of the Immigration Judge ("IJ"), which denied Zhang's applications for relief and ordered him removed to China. In this court, petitioner argues that (1) he is eligible to adjust to lawful-permanent-resident status under the Chinese Student Protection Act of 1992 ("CSPA"), Pub.L. No. 102–404, § 2, 106 Stat.1969, 1969–71, and § 245(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(i); and (2) the IJ erred in denying asylum, withholding of removal under the INA, and relief under the Convention Against Torture. We assume familiarity with the facts and procedural history.

We may not entertain Zhang's claim for relief under the CSPA because he did not "exhaust[ ] all administrative remedies" available as of right regarding this claim. 8 U.S.C. § 1252(d)(1). In his 1999–2001 removal proceedings, Zhang did not plead for CSPA relief, which Zhang conceded at oral argument before this court was an available form of relief at the time, and Zhang appealed to the BIA only from his removal proceedings, not appealing from his 1996–2000 terminated deportation proceedings, in which he did bring a CSPA claim. Accordingly, the IJ did not rule on CSPA relief in the removal decision, and neither did the BIA, which adopted the IJ's decision as its own. Although his notice of appeal from the IJ's decision gave cursory mention to CSPA relief, Zhang's brief to the BIA did not mention CSPA relief at all. This failure to exhaust administrative remedies " 'constitutes a clear jurisdictional bar' " to our review of Zhang's CSPA claim. *Foster v. INS,* 376 F.3d 75, 77 (2d Cir.2004) (per curiam) (quoting *Mejia–Ruiz v. INS,* 51 F.3d 358, 362 (2d Cir.1995)).

We have considered the petitioner's remaining arguments and find them meritless.

For the reasons set forth above, the petition for review is **DISMISSED** as to the petitioner's claim for CSPA relief and **DENIED** as to the petitioner's other claims. The petitioner's motion for stay of deportation is **DENIED.**