**QIN LIN, Qui Jian Jiang, Petitioners,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4882–ag.**

United States Court of Appeals, Second Circuit.

Oct. 18, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Stephen E. Ehlke, Assistant United States Attorney (Stephen P. Sinnott, United States Attorney for the Western District of Wisconsin, on the brief), Madison, Wisconsin, for Respondent.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioners Qin Lin and Qui Jian Jiang, who are respectively wife and husband and natives and citizens of the People's Republic of China, seek review of an August 15, 2005, Board of Immigration Appeals ("BIA") order adopting and affirming the January 15, 2004, decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioners' applications for asylum and for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3) and the Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").* *In re Qin Lin & Qui Jian Jiang* (B.I.A. Aug. 15, 2005), *aff'g* Nos. A 95 841 695 & 78 102 300 (Immig. Ct. N.Y. City Jan. 15, 2004). Petitioners (1) challenge the IJ's finding that Qin Lin knowingly filed a frivolous claim, *see* 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 1208.20, (2) contend that the removal hearing did not afford them due process because the IJ failed to transcribe portions of Qin Lin's testimony, and (3) dispute the IJ's timeliness and adverse credibility findings and the IJ's demand for corroborative evidence. We assume the parties' familiarity with the facts and procedural history.

While the IJ's failure to transcribe portions of the removal hearing is disturbing,

---

* United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *opened for signa-* ture Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85.

see *Kheireddine v. Gonzales,* 427 F.3d 80, 84 & n. 4 (1st Cir.2005); *Ortiz–Salas v. INS,* 992 F.2d 105, 106 (7th Cir.1993), petitioners did not raise their due process argument before the BIA. Neither did petitioner Qin Lin raise her objection to the frivolousness finding before the BIA. They are therefore waived. 8 U.S.C. § 1252(d)(1); *see Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004) (per curiam). Furthermore, the portions of the testimony which were transcribed support the IJ's findings and petitioners have not suggested that anything in the un-transcribed portion would undermine them.

Petitioners did properly challenge the IJ's timeliness finding and her demand for corroborative evidence. However, we lack jurisdiction to review timeliness determinations. 8 U.S.C. § 1158(a)(3). And we cannot conclude that "a reasonable trier of fact [would have been] compelled to conclude that ... corroborating evidence [wa]s unavailable," 8 U.S.C. § 1252(b)(4), and so do not disturb the IJ's demand for corroborative evidence.

Finally, we review the IJ's adverse credibility finding for substantial evidence. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 156 & n. 9 (2d Cir.2006). Even if "analytic errors" exist, we need not remand to the agency if we can confidently predict that the agency would reach the same result. *Li Hua Lin v. DOJ,* 453 F.3d 99, 106–108 (2d Cir.2006) (reviewing the circumstances in which remand would be futile). Here, remand would be futile. The IJ based her adverse credibility finding not only on several substantial inconsistencies in petitioner Qin Lin's testimony, but also on her observation of Qin Lin's demeanor during the hearing, an observation with which a court of appeals is ill-suited to quibble.

For the foregoing reasons, the petition appealing the decision of the Board of Immigration Appeals is hereby **DENIED.**