**JING ZHANG, et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 04–5047–AG.**

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Mukasey is automatically substituted for for-

mer Attorney General John Ashcroft as a re-        spondent in this case.

Lin Li, New York, NY, for Petitioner.

Michael J. Garcia, U.S. Attorney; Sue Chen, Special Assistant U.S. Attorney; David S. Jones, Assistant U.S. Attorney, Southern District of New York, New York, NY, for Respondent.

Present: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioners, natives and citizens of China, seek review of a September 14, 2004 order of the BIA affirming the August 19, 2003 decision of Immigration Judge ("IJ") Joanna M. Bukszpan pretermitting their applications for asylum, and denying Zhang's applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jing Zhang, Xiao Guo Xu*, Nos. A 78 696 352/353 (B.I.A. Sept. 14, 2004), *aff'g* Nos. A 78 696 352/353 (Immig.Ct.N.Y.City, August 19, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

█ Zhang argues in a letter to this Court that because the administrative record prepared by the agency is incomplete, remand is required in order to prevent a due process violation. However, because Zhang failed to argue before the BIA that the incomplete record prejudiced her in any way, she failed to exhaust any argument on that basis. *See* 8 U.S.C. § 1252(d)(1). Moreover, as the Government argues, our review is not frustrated because Zhang's claims may be disposed of on the basis of the record before us.

█ As a statutory matter, we lack jurisdiction to review the agency's finding that Zhang's asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). *See* 8 U.S.C. § 1158(a)(3). However, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Here, although the record does not include the IJ's decision on pretermission, our review is limited to the threshold question of our jurisdiction—i.e., whether Zhang has raised a constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(D). We conclude that she has not. Zhang argues that her "severe pregnancy symptoms" prevented her from filing her application within a year, but fails to allege that the IJ's finding to the contrary contains any legal or constitutional error. Furthermore, Zhang argues that

she demonstrated changed circumstances such that Buddhists face an increased risk of persecution. However, Zhang's argument in this respect is based on a disagreement as to the IJ's assessment of that evidence and as such does not raise a constitutional claim or question of law. Accordingly, we dismiss the petition for review to the extent that Zhang challenges the pretermission of her asylum claim.

■ As to Zhang's claims for withholding and CAT relief, we find that substantial evidence supports the agency's determination that Zhang failed to establish eligibility. We decline to consider evidence presented to this Court in the first instance, such as local family planning regulations, Zhang's discussion of an unspecified "2007 Profile," and her arguments based on the birth of her second child. As the Government argues, our review of Zhang's family planning claim is limited to her formulation of that claim before the agency—that is, her claimed fear of persecution and torture based on her single U.S.-born child. See 8 U.S.C. § 1252(b)(4), (d)(1); Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 121–22, 124 (2d Cir.2007) (holding that issue exhaustion is not a jurisdictional requirement, but an "affirmative defense"). Indeed, having failed to exhaust her claimed fear of forced sterilization by raising it before the BIA, and having failed to raise her claims based on her fear of forced IUD insertion and forcible abortion in her brief to this Court, Zhang has not preserved any family planning claim for our review. See Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004); Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

■ Additionally, the IJ reasonably determined that the background materials do not support Zhang's claim that she is more likely than not to face persecution due to her Buddhist faith. As the IJ observed, the 1998 Profile of Asylum Claims and Country Conditions indicates that Buddhism is practiced by "an estimated 100 million persons in China," and while it further notes reports that "some local authorities have called for controls on Buddhist places of worship," the IJ reasonably concluded that this did not establish that Zhang was more likely than not to face persecution as a Buddhist. Zhang argues here that she testified "clearly" that she would face persecution as a Buddhist and that a letter from her father corroborated that claim. While the IJ did not expressly reject Zhang's testimony and the letter as insufficient, it is appropriate to presume that the IJ considered that evidence because the record does not compellingly suggest otherwise. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d at 338 n. 17 ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise").

■ Finally, as to Zhang's illegal departure claim, the agency's denial of CAT relief was appropriate. We have held that the agency does not err in finding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China." Mu Xiang Lin v. U.S. Dep't of Justice, 432 F.3d 156, 159–60 (2d Cir.2005); see also Mu–Xing Wang v. Ashcroft, 320 F.3d 130, 143–44 (2d Cir. 2003). Here, Zhang failed to provide any "particularized evidence" suggesting that she is likely to be tortured in Chinese prisons. Mu Xiang Lin, 432 F.3d at 158. Accordingly, the agency's denial of CAT relief was proper.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DIS-MISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).