**Errol A. FOSTER, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 01–4013.**

United States Court of Appeals, Second Circuit.

Argued: June 17, 2004.

Decided: July 16, 2004.

Mary Ann J. Sung (Lewis J. Liman, Hina Shamsi, Anil Kalhan, Mina Park, on the brief), Cleary, Gottlieb, Steen & Hamilton, New York, NY, for Petitioner.

Michael R. Holden, Assistant United States Attorney (David N. Kelley, United States Attorney, Sara L. Shudofsky, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Respondent.

Before: B.D. PARKER, WESLEY Circuit Judges, IRENAS, District Judge.*

PER CURIAM.

Errol A. Foster petitions for review of a Board of Immigration Appeals (BIA) decision affirming an Immigration Judge's (IJ) determination that Foster should be removed from this country as a consequence of a prior felony conviction. Foster contends that his state conviction for first degree manslaughter was improperly classified as an "aggravated felony" under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.* He also contends that, even if he had been convicted of an aggravated felony, he is entitled to apply for discretionary relief under INA § 212(c), 8 U.S.C. § 1182(c), *repealed by* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104–208, § 304(b), 110 Stat. 3009–597 (Sept. 30, 1996). We conclude that Foster failed to exhaust his administrative remedies with respect to his claim that his crime was not an aggravated felony. Further, we lack subject matter jurisdiction to decide whether Foster is entitled to apply for § 212(c) relief. Accordingly, we deny the petition.

## I. BACKGROUND

Foster is a native and citizen of Jamaica who entered the United States in 1981 as a lawful permanent resident. In June 1990, he was arrested and indicted in Supreme Court, New York County on three counts: murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. In October 1990, he pleaded guilty to manslaughter in the first degree and was sentenced to a term of 6 to 18 years' imprisonment.

Ten years later, in May 2000, while he was still incarcerated, the Immigration and Naturalization Service (INS), served Foster with notice to appear for a removal hearing. The notice alleged that his conviction for manslaughter constituted a "crime of violence" under 18 U.S.C. § 16 and that, therefore, he was removable as a consequence of his commission of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii); *see* 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" to include a "crime of violence" under 18 U.S.C. § 16). Petitioner, acting *pro se,* filed a number of motions to terminate the proceedings, arguing that he had never admitted responsibility for the crime, that he was entitled to § 212(c) relief or any other available relief, and that he desired to preserve all of his rights.

---

* The Honorable Joseph E. Irenas, United States District Judge for the District of New Jersey, sitting by designation.

Following a hearing during which Foster admitted that he had pled guilty to first degree manslaughter, the IJ concluded that Foster was subject to removal based on his 1990 conviction, and that he was not eligible for discretionary relief under § 212(c) because he had served more than five years in prison. *See* Immigration Act of 1990, Pub.L. No. 101–649, § 511, 104 Stat. 4978, 5052 (Nov. 29, 1990) (amending § 212(c) to bar relief for aggravated felons who have served more than five years in prison).

Foster then appealed, again *pro se,* to the Board of Immigration Appeals arguing that he was entitled to § 212(c) relief. Before the BIA's decision issued, Foster filed a *pro se* petition for review of that decision in this Court along with a motion to proceed *in forma pauperis* and to stay any deportation proceedings pending disposition of his petition for review. Before we decided the petition, the BIA denied Foster relief, finding him eligible for removal. Despite his premature petition to us, we exercised jurisdiction noting that "the BIA has since affirmed petitioner's removal order and the respondent has not shown prejudice." We also granted Foster's motion to stay his deportation, allowed him to proceed *in forma pauperis,* and appointed him *pro bono* counsel.

## II. DISCUSSION

Foster raises two claims on appeal: (1) that his conviction was not an "aggravated felony" under the INA, 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); and (2) that, even if his conviction could be considered an aggravated felony, he is entitled to apply for discretionary relief from removal under § 212(c). In addition to opposing these claims on the merits, the government contends that we lack jurisdiction because they had not been raised before the IJ or the BIA.

### I. Exhaustion

■■ Before an alien can seek judicial review of his removal decision, the INA requires that he exhaust all administrative remedies available to him. 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if ... (1) the alien has exhausted all administrative remedies available to the alien as of right ...."). Statutory exhaustion requirements such as § 1252(d)(1) are "mandatory, and courts are not free to dispense with them." *United States v. Gonzalez–Roque,* 301 F.3d 39, 47 (2d Cir.2002) (quotation marks omitted). Therefore, a failure to exhaust them "constitutes a clear jurisdictional bar." *Mejia–Ruiz v. INS,* 51 F.3d 358, 362 (2d Cir.1995) (quotation marks omitted) (interpreting § 1252(d)(1)'s predecessor); *see also Theodoropoulos v. INS,* 358 F.3d 162, 173–74 (2d Cir.2004) (concluding that the federal courts had no jurisdiction to hear the petitioner's claim when he had failed to exhaust it before the BIA).

Foster contends that he exhausted his administrative remedies through his repeated contentions to the IJ and to the BIA that he was not subject to removal and that these generalized contentions were sufficient to preserve his claim that first degree manslaughter is not an aggravated felony. In response, the INS contends that, during administrative proceedings, Foster failed specifically to contend that his first degree manslaughter conviction did not qualify as a crime of violence and an aggravated felony. The INS also contends that he conceded the point during administrative proceedings when he stated in a *pro se* motion that he had indeed "been convicted of a crime of violence under 18 U.S.C. § 16, and therefore, an aggravated felony."

■ Even generously construing Foster's *pro se* submissions, we cannot conclude that he raised before the IJ his claim that his conviction was not for an aggravated felony. First, his generalized protestations that his removal was improper did not suffice to alert adequately the IJ to the discrete issue he presses in this Court. Since removal may be improper for any number of reasons, the mere statement that one is not removable does not serve to raise a specific issue to the IJ. To preserve a claim, we require "[p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review." *Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir. 2003) (emphasis added). Accepting the blanket statement that removal is improper as sufficient to exhaust all claims would eviscerate that rule since any alien could claim (as nearly all do) he was not removable and then apply for judicial review on the theory he had exhausted his remedies. Significantly, Foster's generalized claims were made to the IJ and not the BIA. Before the BIA, Forster did not contend that he was ineligible for deportation; he argued only for § 212(c) relief and that his removal proceedings should have been commenced earlier—within a reasonable time after his conviction.

Finally, Foster's contention that preclusion of this claim would raise "serious constitutional concerns" and that jurisdiction therefore exists is misplaced. All the cases cited by Foster for this proposition involve potential denials of *all* judicial review. They do not deal with exhaustion in situations similar to ours where judicial review is unquestionably available but relief is not since an issue was not preserved. *See, e.g., INS v. St. Cyr,* 533 U.S. 289, 300–05, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Calcano–Martinez v. INS,* 232 F.3d 328, 340–43 (2d Cir.2000), *aff'd,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001); *Henderson v. INS,* 157 F.3d 106, 119 n. 9

(2d Cir.1998). We have been nothing if not clear in requiring that "a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." *E.g., Beharry v. Ashcroft,* 329 F.3d 51, 56 (2d Cir.2003) (quotation marks omitted). In fact, in *Theodoropoulos* we noted the distinction between the exhaustion requirement and deprivation of all judicial review, stating that

> [u]nlike the specific provisions at issue in *St. Cyr* ... which sought to foreclose judicial review of certain INS decisions, at least one of the purposes served by the exhaustion requirement contained in § 1252(d) is to ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court.

358 F.3d at 171. Consequently, Foster's claim in this Court that his manslaughter conviction should not qualify as an "aggravated felony" is precluded by his failure to exhaust the claim below.

## 2. Section 212(c) Relief

Prior to its repeal in 1996, INA § 212(c), as interpreted by this Court, permitted any legal permanent resident in deportation proceedings to seek a discretionary waiver from the Attorney General. *Francis v. INS,* 532 F.2d 268 (2d Cir.1976). The Immigration Act of 1990 (IMMAct), enacted after Foster's conviction, eliminated the availability of § 212(c) relief for aliens who had been convicted of aggravated felonies and who had served more than five years in prison. IMMAct, Pub L. No. 101–649, § 511, 104 Stat. at 5052. In 1996, Congress first made § 212(c) relief harder to obtain for those who still qualified, *see*

Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132 § 440(d), 110 Stat. 1212, 1277 (Apr. 24, 1996), and then repealed § 212(c) altogether. IIRIRA § 304(b), 110 Stat. at 3009–597. In *St. Cyr*, the Supreme Court concluded that the IIRIRA § 304(b)'s abrogation of § 212(c) relief had an impermissible retroactive effect when applied to aliens who, before the enactment of the statute, had pled guilty to crimes that rendered them removable and detrimentally relied on the availability of discretionary relief. 533 U.S. at 326, 121 S.Ct. 2271. Under *St. Cyr.*, aliens who pled to aggravated felonies before the passage of IIRIRA § 304(b) are still allowed to seek discretionary relief under § 212(c).

█ Here, Foster claims that IMMAct § 511 should not prevent him from applying for § 212(c) relief because, even though he had admittedly spent more than five years in prison, he pled guilty before the passage of the amendment and, under the logic of *St. Cyr.*, the application of § 511 to him would have an impermissibly retroactive effect. Regardless of the merits of this claim, we cannot decide it, because the "criminal alien review bar" strips us of jurisdiction to consider whether Foster should be allowed to petition for § 212(c) relief. The INA provides that "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii)." 8 U.S.C. § 1252(a)(2)(C). Since Foster failed to exhaust his remedies on the claim that his conviction was not an aggravated felony, the decision of the IJ that he is removable on those grounds stands. Consequently, we have no jurisdiction to review the final order of removal to determine whether Foster may apply for § 212(c) relief. *Calcano–Martinez*, 533 U.S. at 350–51, 121 S.Ct. 2268. Foster is, of course, free to bring his claim for § 212(c) relief as a petition for habeas corpus under 28 U.S.C. § 2241. *See id.* (holding that 8 U.S.C. § 1252(a)(2)(C) bars review on direct appeal if a conviction is *for* an aggravated felony but that Congress did not intend to strip habeas jurisdiction under the same circumstances).

For these reasons, we deny the petition for review.