**Xhentil SHEHU and Barize Shehu, Petitioners,**

**v.**

Alberto R. GONZALES,[1] Attorney
General, Respondent.

Docket Nos. 03–4880(L),
03–4881(Con) NAC.

United States Court of Appeals,
Second Circuit.

Dec. 1, 2005.

Glen T. Terk, Wethersfield, Connecticut., for Petitioner.

William W. Siler, Assistant United States Attorney, Memphis, Tennessee., for Respondent.

Present: Hon. John M. WALKER, Jr., Chief Judge, Hon. Guido CALABRESI, and Hon. Rosemary S. POOLER, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

## SUMMARY ORDER

UPON DUE CONSIDERATION of the petition for review of the decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part, the BIA's April 15, 2003, order is VACATED in part, and the case is REMANDED to the BIA for further proceedings in accordance with this decision.

Xhentil Shehu, a citizen of Albania, petitions for review of the BIA's April 15, 2003 decision affirming the immigration judge's ("IJ") order of removal that denied his claims for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews the BIA's findings of fact, including adverse credibility findings, under the substantial evidence standard. Accordingly, we will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). On the other hand we will not reverse a finding (directing entry of the contrary finding), unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. § 1252(b)(4)(B).

In the present case, the BIA found Shehu's testimony credible concerning his persecution at the hands of Communist officials during the reign of Enver Hoxha. Nonetheless, the BIA found that the Immigration and Naturalization Service had shown fundamentally changed country conditions and Shehu had not demonstrated compelling reasons, based on past persecution at the hand of the Communists, for not returning to Albania.

■ The BIA's determination that since Shehu's departure from Albania, country conditions have changed to such an extent that he no longer has a well-founded fear of persecution based on his opposition to the old Communist regime, is amply supported in the record. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). While the U.S. State Department 2000 Albania Country Report on Human Rights Practices (2000 Albania Country Report) and the 2001 Profile of Asylum Claims and Country Conditions (2001 Albania Asylum Profile) discuss election irregularities and some cases of violence, both the 2000 Albania Country Report and the 2001 Albania Asylum Profile indicate that there has been a radical political and social break from the Communist days under Hoxha.

The BIA found that Shehu's testimony was credible concerning his persecution at the hands of Socialist supporters during the lead-up to the October 2000 elections. However, the BIA also found that conditions in Albania had changed to such an extent that he no longer had a well-founded fear of persecution by Socialist supporters in Albania. In support of this contention, the BIA cited the 2000 Albania Country Report, which states that the October 2000 elections "showed 'significant progress' toward meeting international standards."

■ Notwithstanding the 2000 Albania Country Report, substantial evidence does not support the Board's finding of fundamentally changed circumstances with regard to petitioner's well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). The report, which is the sole piece of evidence relied upon by the BIA, only documents events in Albania that took place up to three months after petitioner left the country on September 28, 2000, and the only event of significance

to Shehu's claim is the October 2000 elections, which the report claims were "conducted in a tense but generally peaceful atmosphere and were judged ... to have showed 'significant progress' toward meeting international standards." However, the elections, which kept the Socialist Party in power, do not, without more, constitute fundamental changed circumstances such that Shehu no longer has a well-founded fear of persecution by supporters of the Socialist Party, given that the Socialist Party remains in power.

■ The BIA also found that since Shehu did not satisfy the lower burden of proof for asylum, he failed to satisfy the clear probability standard of eligibility for withholding of removal. However, because of the lack of support in the record for the BIA's finding that Shehu did not have a well-founded fear of persecution due to changed circumstances in Albania, it was not proper for the Board to find that he had failed to satisfy his burden of proof for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1).

■ In his appeal to the BIA, Shehu did not raise the issue of CAT relief. Since Shehu did not exhaust his administrative remedies below, this Court cannot review the CAT claim that he now raises in his petition for review. *See Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Theodoropoulos v. INS*, 358 F.3d 162, 169–74 (2d Cir.2004).

In this case, the BIA properly found that Shehu failed to meet his burden of proof concerning his claim to a well-founded fear based on his persecution under the former Communist regime. However, substantial evidence does not support the Board's finding of fundamentally changed circumstances with regard to petitioner's well-founded fear of persecution related to his membership in the Democratic Party.

While such a finding might well be supported by reports of recent changes that are not part of the administrative record, we must leave it to the BIA or IJ to consider these reports in the first instance. *See Yang v. McElroy*, 277 F.3d 158, 163 n. 4 (2d Cir.2002) (per curiam) (holding "the BIA has the authority to take administrative notice of current events bearing on an applicant's well-founded fear of persecution").

Because of the above errors in the BIA's reasoning, we grant the petition in part, vacate the BIA's decision insofar as it denies asylum and withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), and remand to the BIA for further proceedings in accordance with this decision. We otherwise deny the petition for review. Having completed our review in this case, the pending motion for a stay of removal is denied as moot.