**Wei Yong LIN and Xi Lin, Petitioners,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**Nos. 03–4011–AG(L), 03–4012–AG(CON).**

United States Court of Appeals,
Second Circuit.

Jan. 24, 2006.

Theodore N. Cox, New York, New York, for Petitioners.

Sarah Maloney, Attorney, U.S. Department of Justice, Civil Division, Office of

Immigration Litigation, Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wemey, Senior Litigation Counsel, Office of Immigration Litigation, Washington, D.C, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of these petitions for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petitions for review are DENIED.

Petitioners Wei Yong Lin and Xi Lin, citizens of China, through counsel, petition for review of a December 2002 order of the BIA, affirming an October 23, 2000, decision of an immigration judge ("IJ"). The IJ rejected the petitioners' applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under 8 U.S.C. § 1158(b), "the power to grant asylum to eligible aliens is discretionary, and reserved to the Attorney General." *Qiu v. Ashcroft*, 329 F.3d 140, 148 (2d Cir.2003). "Section 1252(d)(1) of Title 8 of the United States Code provides, in pertinent part, that federal courts 'may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.'" *Gill v. INS*, 420 F.3d 82, 85 (2d Cir.2005). "Statutory exhaustion requirements such as § 1252(d)(1) are mandatory, and courts are not free to dispense with them." *Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004) (citation and internal quotation marks omitted). This Court has explained that "§ 1252(d)(1) bars the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below." *Gill*, 420 F.3d at 86.

The Lins' petitions fail because they did not raise viable claims either before the BIA or this Court. First, the Lins' claim that the persecution of their parents should be imputed to the Lins based on the holding in *Matter of C–Y–Z*, 21 I. & N. Dec. 915, 927, 1997 WL 353222 (BIA 1997), fails because the Lins had failed to make such a claim before the BIA. Second, although the Lins asserted before the BIA their claim that denial of educational opportunities constituted persecution, the Lins fail to challenge the IJ's adverse credibility determination—an independent basis upon which their petitions were denied. Further, the Lins fail to challenge the IJ's discretionary denial of their applications before this Court—yet another independent basis upon which their applications were denied. Thus, the Lins waived any such challenge. *Norton v. Sam's Club*, 145 F.3d 114, 117–18 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We have considered all of the petitioners' claims and find them to be without merit. The petitions for review are therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).