**XIU CHAI CHEN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 05–4328–ag.**

United States Court of Appeals, Second Circuit.

May 24, 2006.

Gang Zhou, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Edmond E. Chang, Brian R. Havey, and Craig A. Oswald, Assistant United States Attorneys, Northern District of Illinois, Chicago, Illinois, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Xiu Chai Chen petitions for review of the BIA's July 2005 decision in which the BIA affirmed Immigration Judge ("IJ") Adam Opaciuch's order denying Chen's application for Convention Against Torture ("CAT") relief, and ordering her removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Under 8 U.S.C. § 1252(d)(1), a court can review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right. *See also Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004) (per curiam). With respect to her asylum claim, Chen argues, in her petition for review, that her due process rights were violated in that her asylum claim was withdrawn without proper verification from her, that the BIA erred in failing to address her asylum claim on appeal, that she did not receive a full and fair hearing, and that she has met her burden of proving a well-founded fear of persecution on account of her opinion. However, Chen did not raise any of these arguments in her brief to the BIA. Accordingly, this Court may not review these arguments because they have not been exhausted before the agency. 8 U.S.C. § 1252(d)(1).

With respect to Chen's CAT claim, the IJ's determination that Chen failed to establish that she would more likely than not be tortured upon her return to China is supported by substantial evidence. In large measure, the IJ based his conclusion on the fact that the State Department report did not contain any evidence suggesting that repatriated citizens are generally tortured in Chinese prisons. In *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003), this Court rejected a similar claim for CAT relief on the basis that "while Wang's testimony as well as some of his 'country conditions' documents ... indicate that some prisoners in China have been tortured, Wang has in no way established that someone in his particular alleged circumstances is *more likely than not* to be tortured if imprisoned in China." Because Chen relies on the same country report that this Court rejected as a sufficient basis for granting CAT relief in *Mu–Xing Wang*, and because she offers no additional particularized evidence to support her claim, we find no error in the IJ's denial of her CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).