**YAN CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 07–4576–ag.**

United States Court of Appeals, Second Circuit.

May 7, 2008.

John Z. Zhang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, David V. Bernal, Assistant Director, Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Yan Chen, a native and citizen of the People's Republic of China, seeks review of a September 24, 2007, order of the BIA affirming the December 5, 2005, decision of Immigration Judge ("IJ") Noel Anne Ferris denying her application for relief under the Convention Against Torture ("CAT"). *In re Yan Chen*, No. A78 294 685 (B.I.A. Sept. 24, 2007), *aff'g* No. A78 294 685 (Immig. Ct. N.Y. City Dec. 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir.2003).

We conclude that substantial evidence supports the agency's determination that Chen failed to establish that upon her return to China she will more likely than not be tortured because of her illegal departure. The background evidence Chen presented concerning the threat of torture for repatriated citizens is similar to that found insufficient to compel a finding of probable torture in *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005). Also, as in *Mu Xiang Lin*, Chen presented no "particularized evidence" suggesting that she faced a greater threat of torture than other repatriated citizens. *See id.*

Insofar as Chen bases her CAT claim on the likelihood that she will be tortured either by the Chinese government for reasons other than her illegal departure or by

"snakeheads" due to her inability to repay her loan, these arguments are unexhausted. As the Government has raised exhaustion as an affirmative defense to petitioner's CAT claim, we will not consider them further. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir.2007).[1]

For the foregoing reasons, the petition for review is DENIED–. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. Similarly, to the extent Chen asserts that she fears future persecution other than torture from either the Chinese government or snakeheads, her failure to raise these arguments before the immigration judge renders them unreviewable.