**Mamadou Safiou BARRY, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 07–2977–ag.

United States Court of Appeals, Second Circuit.

May 27, 2008.

Theodore Vialet, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Mamadou Safiou Barry, a native and citizen of Guinea, seeks review of a June 18, 2007 order of the BIA affirming the November 1, 2005 decision of Immigration Judge ("IJ") Douglas Schoppert, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Safiou Barry,* No. A98 977 590 (B.I.A. Jun. 18, 2007), *aff'g* No. A98 977 590 (Im-

mig. Ct. N.Y. City Nov. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

 As an initial matter, contrary to the government's arguments, we find that Barry administratively exhausted his challenge to the agency's adverse credibility determination. Although Barry did not develop his credibility related arguments in his Notice of Appeal, which was cited by the Government, he did challenge the IJ's adverse credibility determination in his brief to the BIA, which was not cited by the Government. *See* 8 U.S.C. § 1252(d)(1); *see also Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). Therefore, Barry administratively exhausted the credibility issue, and our review of his arguments is warranted. *Id.*

 Upon review, however, we find that the agency's adverse credibility determination is supported by substantial evidence.

The IJ properly relied on a series of discrepancies in the record. To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–9 (2d Cir.2003). Here, the IJ noted that: (1) Barry indicated in his asylum application that he "became more cautious" after his first alleged arrest, and that he "decided to be moderate in politics and continue with [his] business," but he testified on direct and cross-examination that he continued his political activities after that arrest; (2) while Barry claimed in his asylum application that the only time he had entered the United States was in September 2004, his passport indicates, and he himself testified, that he had traveled to the United States on a number of occasions; (3) Barry indicated in his asylum application that he had been detained in a military camp called Koundara for an extended period of time, but he testified that he was transferred to a prison known as Surete soon after arriving at Koundara; and (4) Barry's passport indicates that it was renewed on September 3, 2004, but Barry testified both that he renewed his passport and that he was detained in Surete prison until September 13, 2004.

Barry was given the opportunity during cross-examination to explain each of these discrepancies and reconcile his testimony. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006). However, none of his explanations were sufficiently compelling to require a reasonable fact-finder to credit them. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Moreover, each of these inconsistencies went to the heart of Barry's claim as they cast doubt on whether he was detained at all. *See Secaida–Rosales*, 331 F.3d at 308–09.

Because the aforementioned inconsistencies provide substantial evidence for the

IJ's adverse credibility determination, the denial of asylum was proper. Inasmuch as Barry based his claim for withholding of removal and CAT relief on the same evidence he used to support his asylum claim, his withholding of removal and CAT claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).