SUMMARY ORDER

Jin Zhong Dong, a native and citizen of the People’s Republic of China, seeks review of a March 21, 2008 order of the BIA, affirming the May 31, 2006 decision of Immigration Judge (“IJ”) Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In Jin Zhong Dong, No. A98 291 843 (B.I.A: Mar. 21, 2008), aff'g No. A98 291 843 (Immig. Ct. N.Y. City May 31, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, because Dong fails to challenge the agency’s denial of his claim for CAT relief before this Court, any such challenge is deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
Regarding Dong’s asylum and withholding claims, we find that, even assuming his credibility, the agency did not err in finding that Dong had failed to show past persecution due to the forced abortion performed on his wife. See Shi Liang Liu v. U.S. Dep’t of Justice, 494 F.3d 296 (2d Cir.2007). Dong does not challenge that finding, but rather argues for the first time before this Court that he is eligible for asylum and withholding of removal because he suffered past persecution by virtue of his two-day incarceration (during which he was not physically harmed), the loss of his unborn child, and his uncle’s payment of a 500 RMB fine. Petitioners are required to raise before the BIA the specific issues that they later raise in this Court. See Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004). This judicially imposed exhaustion requirement is mandatory. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). Because Dong failed to raise before the BIA the argument that his detention constituted “past persecution” — instead arguing.to the contrary that his claim rested “only” on his wife’s forced abortion — he failed to exhaust the issue, and we therefore decline to consider it. Id. at 107 n. 1(b). Further, because Dong does not argue that he has otherwise established a well-founded fear of persecution, we shall not disturb the agency’s denial of Dong’s claims for asylum and withholding of removal.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).