SUMMARY ORDER

Tan Chen, a native and citizen of China, seeks review of a May 27, 2008 order of the BIA affirming the November 9, 2006 decision of Immigration Judge (“IJ”) Sandy Horn, denying his application for asylum and withholding of removal. In re Tan Chen, No. A99 539 486 (B.I.A. May 27, 2008), aff'g No. A99 539 486 (Immig. Ct. N.Y. City Nov. 9, 2006). We assume *18 the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovie v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 104 (2d Cir.2008).
The IJ denied Chen’s application for relief on two grounds: 1) an adverse credibility determination; and 2) his finding that, even if Chen were credible, he failed to meet his burden of proof for either asylum or withholding of removal. Although Chen challenged the IJ’s adverse credibility determination on appeal to the BIA, he raised no challenge to the IJ’s finding that he failed to meet his burden of proof. Chen thus failed to exhaust his arguments regarding the burden of proof finding, and we decline to consider them. See Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004)(per curiam). Because Chen’s failure to meet his burden of proof was, by itself, sufficient grounds for the agency to deny his application, we need not reach the IJ’s adverse credibility determination.[2]
Finally, Chen’s argument that the agency erred by failing to address his eligibility for relief under the Convention Against Torture (“CAT”) is misplaced. Chen affirmatively waived his CAT claim at a master calendar hearing before the IJ, and thus no application for CAT relief was ever before the agency.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.

. The Court is troubled by some of the exchanges that occurred between Chen and his attorney, Albert Lefkowitz, during the November 9, 2006 hearing before the IJ. Indeed, the overall tenor of Lefkowitz's comments evince a hostility towards Chen. For example, Lefkowitz said to Chen, "you don't seem to be a very motivated person, sir," Transcript at 14, and asked him, "You’re no Catholic, sir?” Id. at 19. Moreover, when discussing Chen's attendance at church, Lefkowitz asked Chen, "Is there any reason why you can’t go every Sunday since apparently you don't have much better things to do?” Id. at 22. And finally, Lefkowitz asked Chen, "You're not really afraid to go back to China, isn’t that a fair statement?” and followed up by asking, "Do you have any fear that the Chinese authorities have any interest in a 17-year-old at all?” Id. at 32. Chen, however, does not raise the adequacy of his counsel's representation as an issue on appeal.