10-3680-ag
Lin  v. Holder
BIA
Abrams, IJ
A094 924 136

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of September, two thousand eleven.

PRESENT:
    JON O. NEWMAN,
    JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges*.
_____

BI YUN LIN,
        *Petitioner*,

        v.                                    10-3680-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:         Farah Loftus, Century City,
                        California

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Lyle D. Jentzer, Senior
                        Litigation Counsel; John M. McAdams,
                        Jr., Attorney, Office of Immigration
                        Litigation, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bi Yun Lin, a native and citizen of China, seeks review of an August 27, 2010, decision of the BIA affirming the October 3, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Bi Yun Lin*, No. A094 924 136 (B.I.A. Aug. 27, 2010), *aff'g* No. A094 924 136 (Immig. Ct. N.Y. City Oct. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, because Lin failed to challenge the IJ's denial of withholding of removal and CAT relief in her appeal to the BIA, we lack jurisdiction to consider her challenge to the denial of that relief. 8 U.S.C.

2

§ 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003)). We similarly decline to consider the issue of Lin's fear of persecution in the form of forced abortion or sterilization as she did not raise that issue before the BIA. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (holding that "generalized protestations" do not suffice to alert the court to the "discrete issue" necessary to properly exhaust a claim at the agency level).

Accordingly, the only issue before us is whether the BIA erred in denying Lin's application for asylum premised upon her past persecution and fear of future persecution based on her religion.

For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the BIA considers the totality of the circumstances and may base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no

3

reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

In this case, the IJ reasonably based his adverse credibility determination on Lin's testimony, her husband's testimony, and two letters purportedly from a relative of hers in China and her pastor in the United States. Liu's testimony was internally inconsistent and implausible. First, she testified that her father's second cousin had not been present at a church meeting that was broken up by police officers, but she submitted a letter in which that individual stated he had been present at that meeting. When confronted with the inconsistency, Lin claimed she had forgotten this detail. Second, her testimony about her most recent attendance at church prior to the hearing was inconsistent with her husband's testimony when he was asked about the same event. Lin's counsel was given the opportunity to clarify this discrepancy but failed to do so. Third, she testified that she was stopped by a police officer who did not know her name, but that an officer who telephoned her home one month later asked for her by name. She failed to explain how the police learned her identity. Fourth, Lin presented a letter from the pastor of her church in Brooklyn that indicated that she had been attending the church since 2002. The agency reasonably found this

4

evidence implausible because Lin claimed to have arrived in the United States in 2007.

The IJ properly relied on the cumulative effect of these inconsistencies and implausibilities in finding Lin not credible. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106-07 (2d Cir. 2006) ("[T]he IJ may rely upon the cumulative impact of . . . inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence") (citations and quotation marks omitted). Moreover, the IJ provided Lin with multiple opportunities to explain these inconsistencies, but she failed to do so. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006) (the agency may not rest an adverse credibility finding on a non-dramatic inconsistency without first putting the applicant on notice and giving the applicant a chance to reconcile the testimony). The totality of the circumstances supports the BIA's adverse credibility determination, and we defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

The BIA's adverse credibility finding also undermines Lin's claim of future persecution. Because she has not provided any basis--other than her testimony regarding past

5

persecution, which the agency reasonably deemed incredible--to show that the Chinese government would persecute her, she failed to demonstrate an independent basis for a well-founded fear of persecution. *Cf. Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006) ("[A]n applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible.") (emphasis omitted).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk