Ramrattan v. Holder

BIA
Hom, IJ
A074 774 484

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

PARMANAND RAMRATTAN,
> *Petitioner*,

v.                                                      11-4726 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Parmanand Ramrattan, *Pro Se*, Bronx, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Thomas B. Fatouros, Jr., Senior Litigation Counsel; Jeffrey R. Meyer, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Parmanand Ramrattan, a native and citizen of Trinidad and Tobago, seeks review of an October 13, 2011, decision of the BIA affirming the March 23, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which pretermitted his application for asylum, and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Parmanand Ramrattan*, No. A074 774 484 (B.I.A. Oct. 13, 2011), *aff'g* No. A074 774 484 (Immig. Ct. N.Y. City Mar. 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Ramrattan does not challenge the agency's pretermission of his asylum application as untimely, we review only the denial of withholding of removal and CAT relief.

Ramrattan argues that he established that he would likely be persecuted on account of his membership in the "group of individuals who have incurred the ire and hatred of [his cousin]," whose criminal enterprises he refused to join. To establish eligibility for withholding of removal, an applicant, like Ramrattan, who does not rely on a claim of past persecution, must demonstrate a basis for an objectively reasonable fear of future persecution on account of his race, religion, nationality, political opinion, or membership in a particular social group. He must do so either: (1) by offering "evidence that he [] would be singled out individually for [] persecution" in his country of nationality; or (2) by proving "that in that country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. § 1208.16(b)(2). Applications such as Ramrattan's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, must demonstrate that a protected ground (*i.e.*, one of the five grounds listed above) is "one central reason" for the applicant's persecution. *See Rodas Castro v. Holder*, 597 F.3d 93, 103 (2d Cir. 2010); *Matter of C-T-L-,* 25 I. & N. Dec. 341, 344-46 (BIA 2010) (extending the "one central reason" standard to withholding of removal). Here, the IJ reasonably found that Ramrattan failed to establish an objectively reasonable basis for fearing persecution in Trinidad and Tobago on account of a protected ground.

First, as the IJ found, Ramrattan's fear was speculative. Ramrattan testified that his cousin had not contacted him since threatening him in 1998; in addition, Ramrattan

2

failed to provide corroborating proof that his cousin remained in Trinidad, still sought to harm him, and had the means to find and kill him. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam). Second, as the IJ also determined, any harm Ramrattan might suffer because he knew information that could cause his cousin embarrassment if disclosed would not constitute persecution on account of one of the five protected grounds: race, religion, nationality, political opinion, or membership in a particular social group. *See* 8 C.F.R. § 1208.16(b)(2). Even assuming that Ramrattan was going to be harmed because he declined to participate in his cousin's illegal scheme, harm resulting from resistance to recruitment by a criminal faction does not constitute *per se* persecution on account of protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (finding that forced recruitment of an individual by guerilla forces is not *per se* persecution on account of a protected ground); *see also Matter of S-E-G-*, 24 I. & N. Dec. 579, 586-88 (BIA 2008) (concluding that Salvadoran youths who resist gang recruitment are not a cognizable social group because they do not share recognizable and discrete attributes). To the extent Ramrattan asserts for the first time in these proceedings that he would be targeted as a member of a particular social group, which includes individuals who have "incurred [his cousin's] ire and hatred," we decline to consider that argument because he did not raise it before the BIA. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (per curiam) (noting that in addition to the statutory requirement under 8 U.S.C. § 1252(d)(1) that petitioners exhaust the categories of relief they seek, petitioners must also raise to the BIA the specific issues they later raise in this Court); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the agency properly denied Ramrattan's claim for withholding of removal.

The agency also properly denied Ramrattan's claim for CAT relief. Ramrattan introduced no evidence to demonstrate that whatever harm amounting to torture his cousin might inflict would either be sanctioned or be caused, directly or indirectly, by the government of Trinidad and Tobago. *See De La Rosa v. Holder*, 598 F.3d 103, 109 (2d Cir. 2010) (explaining that "[f]or pain and suffering to be cognizable as torture under the CAT, . . . it must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'" (internal citation omitted)).

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3