15-1440-ag
Flores-Landaverry v. Lynch

BIA
Verrillo, IJ
A089 014 339

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
              REENA RAGGI,
              PETER W. HALL,
                  *Circuit Judges.*

———————————————————————

LUIS ALBERTO FLORES-LANDAVERRY,
AKA Luis Flores,

           *Petitioner*,

       v.                                15-1440-ag

LORETTA E. LYNCH, United States Attorney General,

           *Respondent*.

———————————————————————

FOR PETITIONER:          Daniel D. Estrin, Vladislav Sirota, Sirota & Associates, P.C., Brooklyn, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Emily Anne Radford, Assistant Director; Craig A. Newell, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Luis Alberto Flores-Landaverry, a native and citizen of Peru, seeks review of a March 31, 2015 decision of the BIA affirming without opinion a September 10, 2013 decision of an Immigration Judge ("IJ") denying Flores-Landaverry's applications for adjustment of status and a waiver of inadmissibility based on state criminal convictions under 8 U.S.C. §§ 1182(h), 1255. See In re Luis Alberto Flores-Landaverry, No. A089 014 339 (B.I.A. Mar. 31, 2015), aff'g No. A089 014 339 (Immig. Ct. Hartford, CT Sept. 10, 2013). On appeal, Flores-Landaverry argues that the IJ erred in (1) adjudicating waiver without first determining whether Flores-Landaverry was statutorily ineligible for adjustment of status, (2) conflating the discretionary standards applicable for adjustment of status and waiver of inadmissibility, (3) ignoring record evidence in concluding that Flores-Landaverry would be able to support his family if removed to Peru, and (4) concluding that he failed to demonstrate rehabilitation.

In the circumstances of this case, we review the IJ's decision as the final agency determination. See 8 C.F.R. § 1003.1(e)(4); Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir. 2008). Because both an adjustment of status and a waiver of inadmissibility are discretionary forms of relief, see 8 U.S.C. § 1252(a)(2)(B)(i), our jurisdiction to review the denial of such relief is limited to constitutional claims or questions of law, see id. § 1252(a)(2)(D). We assume the parties' familiarity with the underlying facts and

2

procedural history in this case, which we reference only as necessary to explain our decision to dismiss the petition.

At the outset, the government argues—and Flores-Landaverry does not dispute—that he failed administratively to exhaust three of the arguments he raises in his petition to this court. Before the BIA, Flores-Landaverry argued only that the IJ failed adequately to weigh the evidence of his post-conviction rehabilitation in deciding whether to grant him a waiver of inadmissibility. He did not argue that the IJ failed first to consider his statutory eligibility for adjustment of status, conflated the hardship standards for adjustment and waiver, and erred in finding no evidence that he would be unable to support his family in Peru. Accordingly, we decline to consider those arguments here. See Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 123 (2d Cir. 2006) ("To preserve a claim, we require [p]etitioner to raise issues to the BIA in order to preserve them for judicial review." (quoting Foster v. INS, 376 F.3d 75, 78 (2d Cir. 2004))).

As for his preserved argument, Flores-Landaverry cites Matter of Mendez-Moralez, 21 I. & N. Dec. 296 (BIA 1996), to argue that the IJ erred in concluding that petitioner failed to establish rehabilitation given his insistence that he is innocent of the assault to which he pleaded guilty in 2008. See id. at 304 (explaining that evidence of rehabilitation is a favorable consideration in waiver determination but that petitioner claiming innocence may show rehabilitation by other means). We lack jurisdiction to consider this argument because it is, at bottom, a challenge to the IJ's determination that Flores-Landaverry did not show sufficient evidence of rehabilitation after his nine

3

criminal convictions to warrant a favorable exercise of discretion. <u>See</u> Certified Administrative Record ("CAR") 56 (explaining that, while living in United States, Flores-Landaverry "has shown a complete disregard for the law in this country"); <u>see also</u> <u>Saloum v. U.S. Citizenship & Immig. Servs.</u>, 437 F.3d 238, 243 (2d Cir. 2006) (explaining that petitioner's mere assertion that agency failed to apply correct law was insufficient to establish question of law, and concluding that court lacked jurisdiction to review petitioner's argument that essentially challenged IJ's exercise of discretion in denying waiver of inadmissibility).

Accordingly, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4