Lemus-Landaverde v. Garland

BIA
Farber, IJ
A202 125 746

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-one.

PRESENT:
DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

JOSE EDUARDO LEMUS-LANDAVERDE,
*Petitioner,*

v.                                          19-2674
                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Abdolreza Mazaheri, Sethi &
                         Mazaheri, LLC, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Anthony B. Nicastro,

Assistant Director; Timothy Bo Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Eduardo Lemus-Landaverde, a native and citizen of El Salvador, seeks review of a July 25, 2019, decision of the BIA affirming a February 5, 2019, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Jose Eduardo Lemus-Landaverde,* No. A 202 125 746 (B.I.A. July 25, 2019), *aff'g* No. A 202 125 746 (Immig. Ct. N.Y. City Feb. 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("The administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary."); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (reviewing agency's legal conclusions de novo and its factual finds under the substantial evidence standard). Because Lemus-Landaverde did not exhaust his challenges to the IJ's denial of a continuance or the IJ's denial of his claims for humanitarian asylum and CAT protection, we address only the agency's denial of asylum and withholding of removal. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122-24 (2d Cir. 2007); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

To establish eligibility for asylum or withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see id.* § 1231(b)(3)(A) (withholding); *Matter of C-T-L*, 25 I. & N. Dec. 341, 346 (B.I.A. 2010) (holding that "one central reason" standard also applies to withholding of removal). The harm must be inflicted either by the government of a country or by private individuals that "the government is unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015). An applicant "must

3

provide *some* evidence of [a persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007).

Lemus-Landaverde does not challenge the agency's conclusions that he did not establish the Salvadoran government was unable or unwilling to protect him from abusive family members or bullies, or show a well-founded fear of future persecution stemming from the murders of other family members in El Salvador. He has thus waived review of dispositive grounds for the denial of asylum and withholding of removal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Were we to reach these issues, we would find no error because the record supports the agency's findings. Lemus-Landaverde testified that the Salvadoran government removed him from his abusive home situation and conceded that he never sought protection from bullying from any adult or authorities. *Cf. In re O-Z- & I-Z-*, 22 I. & N. Dec. 23, 26 (B.I.A. 1998) (finding government unable or unwilling to control persecutors where applicant reported at least three incidents of violence to the police

4

and the police took no action beyond writing a report). As to his fear of future persecution on account of his family membership, he did not know who murdered two of his cousins and one cousin's partner or why they were murdered, so there was no direct or circumstantial evidence that his family was targeted as a group. *See Elias-Zacarias*, 502 U.S. at 483.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe,
                                Clerk of Court