Sukhwinder SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–2386–ag.

United States Court of Appeals, Second Circuit.

Oct. 23, 2008.

Genet Getachew, Brooklyn, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Sukhwinder Singh, a native and citizen of India, seeks review of a May 10, 2007 order of the BIA affirming the October 23,

***

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sukhwinder Singh,* No. A79 458 279 (B.I.A. May 10, 2007), *aff'g* No. A79 458 279 (Immig. Ct. N.Y. City Oct. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We ordinarily review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Here, however, while Singh challenges the IJ's adverse credibility determination in his brief to this Court, as the Government observes, he failed to exhaust that argument before the BIA. In addition to the statutory requirement that a petitioner exhaust the categories of relief he seeks, 8 U.S.C. § 1252(d)(1), a petitioner must also raise to the BIA the specific issues he later raises before us. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 123 (2d Cir. 2007). Because Singh failed to challenge the IJ's adverse credibility determination before the BIA, and because the Government has identified that failure, we decline to consider the challenge he now raises in this Court. *See id.* at 107 n. 1. Singh's failure to exhaust any challenge to the IJ's adverse credibility determination in his case is dispositive of his claims for asylum, withholding of removal, and CAT relief. Accordingly, we need not consider any other argument presented by either party.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).