SUMMARY ORDER

Gazmend Bujaj, a native and citizen of Albania, seeks review of a November 30, 2007 order of the BIA affirming the June 8, 2006 decision of Immigration Judge (“IJ”) Michael W. Straus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Gazmend Bujaj, No. A95 838 342 (B.I.A. Nov. 30, 2007), aff'g No. A95 838 342 (Immig. Ct. N.Y. City June 8, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When “the BIA adopts the decision of the IJ and ... supplements the IJ’s decision, ... we review the decision of the IJ as supplemented by the BIA.” Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We ordinarily review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Here, however, while Bujaj challenges the IJ’s adverse credibility determination in his brief to this Court, the Government points out that he failed to exhaust that argument before the BIA. In addition to the statutory requirement that a petitioner exhaust the categories of relief he seeks, 8 U.S.C. § 1252(d)(1), a petitioner must also raise to the BIA the specific issues he later raises before us. See Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1., 125, n. 25 (2d Cir.2007). Because Bujaj failed to challenge the IJ’s adverse credibility determination before the BIA, and because the Government has not waived Bujaj’s failure to exhaust that issue, we *485 decline to consider the challenge he now raises in this Court. See id. at 107 n. 1. Bujaj’s failure to exhaust the challenge to the IJ’s adverse credibility determination in his case is dispositive of his claims for asylum, withholding of removal, and CAT relief. Accordingly, we need not consider his challenges to the IJ’s alternative findings.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.