10-2501-ag
Zhang v. Holder

BIA
A070 528 959

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of August, two thousand eleven.

PRESENT:
　　　　REENA RAGGI,
　　　　GERARD E. LYNCH,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　*Circuit Judges.*

_____

JUN-LAN ZHANG,
　　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　10-2501-ag
　　　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Peter L. Quan, New York, New York.

FOR RESPONDENT:　　　　Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Benjamin J. Zeitlin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Jun-Lan Zhang, a citizen of the People's Republic of China, seeks review of a June 1, 2010 order of the BIA denying his motion to reopen. *See In re Jun-Lan Zhang*, No. A070 528 959 (B.I.A. June 1, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of reopening deferentially for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). An alien may file one motion to reopen within 90 days of the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(c)(i); 8 C.F.R. § 1003.2(c)(2). Although Zhang's third motion was indisputably untimely and number-barred, such limitations do not apply if an applicant demonstrates materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Zhang submits that a purported notice from government officials in Houyu County asking him to "[p]lease come back to China to accept the punishment as soon as possible" for his "support[] for the 'Jun[e] 4th Activity,'" J.A. 31,

2

demonstrated a material change in country conditions, *see* Pet'r's Br. at 7-8. We are not persuaded. Zhang did not describe how or when he received this notice, or explain why the Chinese government would be interested in him nearly twenty years after his alleged participation in student democracy activities. Moreover, while the notice might be evidence of continuing persecution of political dissidents by the Chinese government, Zhang did not explain how it demonstrated a <u>change</u> in the treatment of dissidents. *See Jian Hui Shao v. Mukasey*, 546 F.3d at 169. Indeed, Zhang did not even mention the notice in his affidavit, which asserted that Zhang feared persecution "[b]ecause [he] illegally departed from China." J.A. 29. In these circumstances, the BIA reasonably concluded that the notice was insufficient to establish materially changed country conditions. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that weight afforded to applicant's evidence in immigration proceedings lies largely within BIA's discretion). Accordingly, the agency did not abuse its discretion in denying reopening.

Zhang contends that he was deprived of due process when the immigration judge ("IJ") denied his initial asylum application in January 2001 without sufficiently considering

3

his testimony.  The IJ's decision, however, is not properly before this Court.  *See, e.g.*, *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001); *see also Stone v. INS*, 514 U.S. 386, 405-06 (1995).  Further, Zhang failed to exhaust this due process challenge before the BIA.  *See Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004); *Theodoropoulos v. INS*, 358 F.3d 162, 172 (2d Cir. 2004) (describing exhaustion requirements in habeas proceeding).  Accordingly, we lack jurisdiction to consider this claim, and we dismiss the petition to that extent.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4