10-3637-ag
Retana-Constanza v. Holder

BIA
Verrillo, IJ
A072 797 391

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

YONI ESTUARDO RETANA-CONSTANZA,
> *Petitioner,*

v.                                          10-3637-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jon E. Jessen, Stamford, Connecticut.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Blair O'Connor, Assistant Director; Kathryn Moore, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yoni Estuardo Retana-Constanza, a native and citizen of Guatemala, seeks review of an August 10, 2010 order of the BIA affirming the December 9, 2008 decision of Immigration Judge ("IJ") Philip Verrillo denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yoni Estuardo Retana-Constanza*, No. A072 797 391 (B.I.A. Aug. 10, 2010), *aff'g* No. A072 797 391 (Immig. Ct. Hartford, CT Dec. 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably found that the harm Retana-Constanza suffered — being regularly chased and harassed by both military recruiters and guerillas in Guatemala, and scratches received while evading pursuers — was, when

2

considered in the aggregate, insufficiently severe to constitute persecution.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341-42 (2d Cir. 2006).

Because the agency reasonably concluded that Retana-Constanza did not suffer past persecution, he is not entitled to a presumption of future persecution.  *See* 8 C.F.R. § 1208.13(b)(1).  To the extent he argues that he has a well-founded fear of future persecution independent from his claims of past persecution, the agency did not err in finding that he did not demonstrate a nexus between his fear of persecution and a protected ground.  As the government notes, Retana-Constanza asserts for the first time to this Court that he fears persecution on account of the political opinion of his father, as imputed to him, and, accordingly, we decline to consider that claim.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124 (2d Cir. 2007); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).  Retana-Constanza also argues that he fears persecution on account of his membership in a particular social group of minor-aged males who resisted recruitment by both guerillas and the Guatemalan military.  A "particular social group is comprised of individuals who possess some

3

fundamental characteristic in common which serves to distinguish them in the eyes of a persecutor—or in the eyes of the outside world in general." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (quoting *Gomez v. INS,* 947 F.2d 660, 664 (2d Cir. 1991)).  To the extent that minor-aged males share a fundamental characteristic in common, Retana-Constanza is no longer part of such a group, as he is now thirty-seven years old.

Finally, Retana-Constanza argues that he fears persecution on account of his political opinion, and defines his political opinion as remaining neutral when pursued and recruited by both guerillas and the Guatemalan military. Resistance to recruitment by a guerilla movement alone is not sufficient to show that any resulting persecution is on account of political opinion because there are many reasons why an individual might choose not to join a guerilla movement, despite pressure to do so.  *INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992).  Unless a petitioner demonstrates that a reason for not joining a movement was his own political opinion, and that the movement or group would seek to harm him on account of that political opinion, he has not met his burden of showing the necessary nexus to

4

a protected ground. *Id*. Because Retana-Constanza did not testify that he feared harm on account of his political opinion, or present any evidence to that effect, the agency did not err in finding that he did not demonstrate that his claimed fear of persecution for resistance to joining either the guerillas or the military was on account of his political opinion. *See id*.

Accordingly, because Retana-Constanza failed to demonstrate that he suffered past persecution, or feared future persecution on account of a protected ground, the agency did not err in denying his application for asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A). Although Retana-Constanza argues that he has demonstrated that it is more likely than not he will be tortured if he returns to Guatemala, he has not presented any evidence to support this claim, other than generalized reports that Guatemalan police have engaged in torture, abuse and mistreatment, which are insufficient to overturn the agency's denial of CAT relief. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk