10-1916-ag
Zheng v. Holder

BIA
Videla, IJ
A088 372 034
A088 372 035

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand twelve.

PRESENT:
    DENNIS JACOBS,
        *Chief Judge,*
    ROSEMARY S. POOLER,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

LISHAUNG ZHENG, HAI BING SHEN,

        *Petitioners,*

        v.                                10-1916-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:    Scott E. Bratton, Cleveland, Ohio.

FOR RESPONDENT:     Tony West, Assistant Attorney General;
                    Luis E. Perez, Senior Litigation Counsel;
                    John B. Holt, Trial Attorney, Office of
                    Immigration Litigation, Civil Division,
                    United States Department of Justice,
                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, in part, and GRANTED, in part.

Petitioners Lishaung Zheng and Hai Bing Shen, natives and citizens of China, seek review of an April 16, 2010, order of the BIA affirming the May 20, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lishaung Zheng, Hai Bing Shen*, Nos. A088 372 034 (B.I.A. April 16, 2010), *aff'g* No. A088 372 035 (Immig. Ct. N.Y. City May 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's decision and the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Forced Sterilization**

Petitioners' argument that the BIA erred in finding that Petitioner Zheng failed to establish a well-founded fear of future persecution based on the births of her two

2

children is foreclosed by this Court's decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008). Contrary to Petitioners' assertions, the village committee notice they submitted was not material to their claim because it merely referenced the family planning policy's sterilization policy without indicating that sterilizations are performed by force. *See id.* at 165, 172. Moreover, the letters from Petitioners' friends claiming that they were forcibly sterilized following the birth of their children in China were not material because they did not discuss the forced sterilization of similarly situated individuals, *i.e.*, Chinese nationals returning to China with children born in the United States. *See id.* at 160-61, 170-71.

Because Petitioners failed to raise their argument that they would face fines amounting to economic persecution on account of the birth of their children on appeal to the BIA, and because the government has raised this failure to exhaust in its brief to this Court, we decline to consider the issue. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007); *see also Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004)

3

## II. Forcible IUD Insertion

We nevertheless remand this case so that the BIA may clarify its determination that Lead Petitioner Zheng did not establish that she suffered past persecution based on the alleged forced insertion of an intrauterine device ("IUD").

To establish past persecution based on the forcible insertion of an IUD, an asylum applicant must establish that: (1) the IUD was inserted because of her resistance to a family planning policy, or another protected ground, rather than as a routine part of the population control program; and (2) there were "aggravating circumstances." *Xia Fan Huang v. Holder*, 591 F.3d 124, 128-30 (2d Cir. 2010) (according *Chevron* deference to the BIA's decision in *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633 (BIA 2008)).

In *Mei Fun Wong v. Holder*, 633 F.3d 64 (2d Cir. 2011), we remanded for the agency to articulate, *inter alia*, standards for determining whether an asylum applicant has established aggravating circumstances in connection with the forcible insertion of an IUD. *See id.* at 71-81. For the reasons discussed in *Mei Fun Wong*, we cannot evaluate the BIA's determination that Zheng did not establish such circumstances here. *See id.*

4

Zheng asserts that she established aggravating circumstances based on the family planning officials' threats that she would be sterilized if she refused to undergo the IUD insertion. As in *Mei Fun Wong*, "we cannot review the Board's decision that [this alleged mistreatment did not constitute aggravating circumstances] without a clearer understanding of how [the BIA] weighed the [IUD insertion] itself consistent with its obligation to consider all alleged harms cumulatively." *Id*. at 77. This is especially true in light of our pronouncement that "threats" may be sufficient to demonstrate aggravating circumstances that "elevate a routine practice to the level of persecution." *Id.* at 80.

We note that even when aggravating circumstances are present in connection with a forcible IUD insertion, an asylum applicant must also establish that the IUD was inserted *because of her resistance* to a family planning policy, or on account of another protected ground. *See Xia Fan Huang*, 591 F.3d at 128-29. Here, Zheng argues that her removal of the IUD without permission - an act *subsequent* to the alleged forcible insertion of the IUD - constitutes "resistance" without explaining how this later-in-time act

5

constituted resistance or could have resulted in the persecution she alleges. The BIA, however, only considered whether Zheng had established "aggravating circumstances," and did not reach the question whether any harm she suffered was because of her resistance to the family planning policy. As we may affirm the BIA's denial of relief only on the basis articulated in its decision, *see Anderson v. McElroy*, 953 F.2d 803, 806 (2d Cir. 1992), we remand, but we do so without prejudice to any further consideration by the BIA of the issue whether the persecution allegedly suffered by Zheng was "because of" her alleged resistance to the family planning policy.

For the foregoing reasons, the petition for review is DENIED, in part, and GRANTED, in part, the order of removal is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this decision. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk