Gurung v. Holder

BIA
Morace, IJ
A089 918 948/949

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

BISHNU GURUNG, KARMA GURUNG,
> *Petitioners,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-4852
NAC

_____

FOR PETITIONER: Khagendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED, in part, and DENIED, in part.

Bishnu and Karma Gurung ("Petitioners"), natives and citizens of Nepal, seek review of an October 18, 2011, decision of the BIA affirming the February 22, 2010, decision of Immigration Judge ("IJ") Philip L. Morace denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bishnu Gurung, Karma Gurung,* Nos. A089 918 948/949 (B.I.A. Oct. 18, 2011), *aff'g* Nos. A089 918 948/949 (Immig. Ct. N.Y. City Feb. 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirement that on appeal to the BIA, the alien must raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). Here, in addition to the fact that the argument in Petitioners' brief addresses a CAT claim entirely unrelated to their situation or to Nepal, Petitioners failed to challenge the IJ's denial of CAT relief in their appeal to the BIA. Thus, as a statutory matter, we are without jurisdiction to consider their challenge to the denial of that relief. *See* 8 U.S.C. § 1252(d)(1).

In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Accordingly, because Petitioners failed to

3

raise the claim that there was a pattern or practice of persecution in Nepal in their appeal to the BIA, and because the government has raised this failure to exhaust, we decline to consider this issue. *See id*. at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

Furthermore, the agency did not err in finding that Petitioners failed to establish an objectively reasonable fear of future persecution because they did not show that anyone in Nepal sought to harm them or that they were similarly situated to anyone targeted by the Maoists, or that their sons, or other family members remaining in Nepal, had been harmed in any way. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities"); *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at

4

best"); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (concluding that where asylum applicant's mother and daughters continued to live in petitioner's native country, a claim of well-founded fear was diminished). Moreover, absent a connection to a protected ground, high levels of general crime and violence are insufficient to establish eligibility for asylum. *See Melgar de Torres*, 191 F.3d at 314.

Because Petitioners failed to show a well-founded fear of future persecution, the agency did not err in denying their application for asylum. *See* 8 U.S.C. § 1101(a)(42); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). As Petitioners could not show a well-founded fear of future persecution, they necessarily could not meet the higher burden of proof required to establish eligibility for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1); *Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in

5

this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk