15-2340-ag
*Kiranlioglu v. Lynch*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand sixteen.

PRESENT:   JOHN M. WALKER, JR.,
                  JOSÉ A. CABRANES,
                  RAYMOND J. LOHIER, JR.,
                           *Circuit Judges.*

---

ALI IHSAN KIRANLIOGLU,

                  *Petitioner,*                                        15-2340-ag

                  v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY
GENERAL,

                  *Respondent.*

---

**FOR PETITIONER:**                       GLENN L. FORMICA (Elyssa N. Williams, *on the brief*), Formica Williams, P.C., New Haven, CT.


**FOR RESPONDENT:**                      DANIEL E. GOLDMAN, Senior Litigation Counsel (Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division; Carl McIntyre, Assistant Director, Office of Immigration Litigation; Kevin J. Conway, Trial

Attorney, Office of Immigration Litigation, Civil Division, *on the brief*), U.S Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and hereby is **DISMISSED**.

Petitioner Ali Ihasan Kiranlioglu ("Kiranlioglu"), a native and citizen of Turkey, seeks review of a June 29, 2015 order of the BIA, affirming the March 4, 2014 decision of an Immigration Judge ("IJ") ordering his removal. *In re Ali Ihsan Kiranlioglu*, No. A078 395 951 (B.I.A. Jun. 29, 2015), *aff'g* No. A078 395 951 (Immig. Ct. Hartford Mar. 4, 2014). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Kiranlioglu challenges the denial of his petition to waive the joint-filing requirement of his conditional permanent residence status. *See* 8 U.S.C. § 1186a. Kiranlioglu argues that the IJ erroneously placed the burden of proof on him to establish a good-faith marriage, and that the IJ erred in his application of the law by misevaluating the strength of Kiranlioglu's testimony and by overlooking and mischaracterizing other evidence. The Government responds that these arguments are not subject to judicial review because Kiranlioglu did not raise them before the BIA and there is no judicial review of an agency's discretionary denial of a hardship waiver.

When, as here, the BIA affirms the IJ's decision without opinion, the Court reviews the IJ's decision. *See, e.g.*, *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The Court "defer[s] to the factual findings of the BIA and the IJ if they are supported by substantial evidence, and we review *de novo* legal conclusions and the application of legal principles to undisputed facts." *Higgins v. Holder*, 677 F.3d 97, 100 (2d Cir. 2012).

The Court may only review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "[W]e require petitioner to raise *issues* to the BIA in order to preserve them for judicial review." *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (internal quotation marks omitted) (emphasis in original). Although not jurisdictional, issue exhaustion is mandatory. *Zhong v. Gonzales*, 480 F.3d 104, 121-22 (2d Cir. 2007). While the Court may not consider "bases for relief that were not raised below" or "general issues that were not raised below," it is not barred from considering "specific, subsidiary legal arguments, or arguments by extension, that were not made below." *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005).

Kiranlioglu has only exhausted his adverse-credibility determination argument. His five-page brief to the BIA, prepared by counsel, focuses only on the credibility of the testimony before the IJ. The BIA brief was silent as to any error arising from an incorrectly applied burden of proof or the weight of other evidence in the record. Accordingly, those issues have not been preserved for judicial review.

2

We lack jurisdiction to review Kiranlioglu's remaining argument. The Secretary of Homeland Security may, in his or her discretion, remove the conditions on an alien's status if the alien demonstrates that his qualifying marriage was entered in good faith but has since been terminated. 8 U.S.C. § 1186a(c)(4)(B). The Court generally lacks jurisdiction to review discretionary denials of relief, including determinations that an alien is ineligible for a hardship waiver of the joint-filing requirement because he did not marry in good faith. 8 U.S.C. § 1252(a)(2)(B)(ii); *Contreras-Salinas v. Holder*, 585 F.3d 710, 713-14 (2d Cir. 2009). The Court, however, retains jurisdiction over constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). The substance of Kiranlioglu's adverse credibility determination argument goes to the IJ's factual findings, not to a question of law. We thus lack jurisdiction to review the IJ's discretionary denial of Kiranlioglu's waiver petition based on Kiranlioglu's remaining challenge.

## CONCLUSION

We have reviewed all of the arguments raised by the petitioner on appeal and find them to be without merit. For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3