15-2759
Wang v. Lynch

BIA
Poczter, IJ
A078 383 276

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

YUN CHENG WANG,
> *Petitioner,*

v.                                                    15-2759
                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Yee Ling Poon; Deborah Niedermeyer, Law Office of Yee Ling Poon, LLC, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Alison M. Igoe, Senior Counsel for National Security; Daniel I. Smulow, Counsel

for National Security, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yun Cheng Wang, a native and citizen of the People's Republic of China, seeks review of an August 6, 2015, decision of the BIA affirming a September 27, 2013, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Cheng Wang,* No. A078 383 276 (B.I.A. Aug. 6, 2015), *aff'g* No. A078 383 276 (Immig. Ct. N.Y. City Sept. 27, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Wang's brief

2

does not challenge the agency's denial of CAT deferral or reopening, we review only the agency's conclusion that Wang's acts as a driver for Chinese family planning officials bar him from asylum and withholding of removal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir. 2005). We conclude that the persecutor bar applies and is dispositive of Wang's petition.

As an initial matter, the Government is correct that Wang failed to exhaust two arguments in his brief. Wang argues that (1) he did not knowingly assist in persecution and the translator's use of the word arrest was an erroneous translation; and (2) the IJ never determined whether an "arrest" under Chinese law is sufficiently coercive to trigger application of the persecutor bar. Because the Government raises exhaustion and because Wang's brief to the BIA did not raise these arguments, these issues are not properly before us. *Foster v. U.S. INS*, 376 F.3d 75, 78 (2d Cir. 2004) ("To preserve a claim, we require [p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review." (internal quotation marks)); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107, 121-23 (2d Cir. 2006).

Moreover, even considering all of the arguments, we discern no error in the agency's application of the persecutor bar.  An alien is barred from asylum and withholding of removal if he "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of" a protected ground. 8 U.S.C. §§ 1101(a)(42), 1158(b)(2)(A)(i), 1231(b)(3)(B)(i); *see Zhang Jian Xie v. INS*, 434 F.3d 136, 140 (2d Cir. 2006). If the evidence indicates that an asylum applicant engaged in any of these activities, the applicant has "the burden of proving by a preponderance of the evidence that he . . . did not so act."  8 C.F.R. § 1208.13(c)(2)(ii).  "Four relevant factors determine whether the persecutor bar applies to a particular alien: (1) whether the alien was 'involved in' acts of persecution by ordering, inciting, or actively carrying out the acts; (2) whether there is a nexus between the persecution" and a protected ground; "(3) whether the alien's actions, if not outright 'involvement' under the first factor, amount to assistance or participation in persecution;" and (4) whether the alien was culpable, i.e., "whether [he] had sufficient knowledge that [his] actions might assist in persecution."  *Yan*

4

*Yan Lin v. Holder*, 584 F.3d 75, 79-80 (2d Cir. 2009); *see also*
*Balachova v. Mukasey,* 547 F.3d 374, 384-85 (2d Cir. 2008).

Here, the IJ reasonably concluded that Wang's case was controlled by our precedent. In *Zhang Jian Xie*, we concluded that the agency properly applied the persecutor bar to an asylum applicant who, while working as a driver for family planning authorities, transported women to hospitals so family planning officials could perform forced abortions. 434 F.3d at 138. We concluded that the Xie was subject to the persecutor bar regardless of his redemptive act in freeing the final woman he was transporting. *Id.* at 143–44.

Wang's case is not meaningfully distinguishable. As the IJ noted, Wang consistently testified that he drove family planning authorities to arrest women, which rebuts his claim that he did not knowingly assist in persecution. His claim is further rebutted by his testimony that he knew what he was doing was not right and that he warned a friend when the authorities were coming for her. Wang argues that the only woman he transported to the hospital actually went along voluntarily, but Wang's testimony on this point was equivocal: he stated that she did not resist and may have consented, but also noted that

5

she did not look happy during the drive and that he did not know what happened when the family planning staff was in the woman's house. Because Wang had the burden to rebut application of the bar and his testimony supports a conclusion that he knowingly transported a woman for an involuntary abortion and drove officials in other attempts to detain women for abortions, we see no basis to overturn the agency's ruling. 8 C.F.R. § 1208.13(c)(2)(ii).

Finally, in *Zhang Jian Xie* this Court held that, despite the petitioner's redemptive act of releasing a captive woman who he was transporting to the hospital for a forced abortion, the BIA did not err in concluding that his other acts of transporting women for forced abortions subjected him to the persecutor bar. 434 F.3d at 143–44. Wang argues that *Zhang Jian Xie* is distinguishable because Wang only assisted in one abortion, but he cites no authority for the proposition that application of the persecutor bar turns on the number of times an alien assists in persecution. In any event, we have suggested that "the BIA should apply the same definition to persecution in the persecutor-bar context as it does in defining who is a refugee," *Balachova*, 547 F.3d at 384, and it is

6

well-settled that an alien has been persecuted if they have been subjected to a single forced abortion, *Yan Yan Lin*, 584 F.3d at 80 ("It is settled law that forced abortion is persecution on account of political opinion."). *See also* 8 U.S.C. 1101(a)(42) (providing that asylum is not available to anyone who "ordered, incited, assisted, or otherwise participated in the persecution of any person"). As in *Zhang Jian Xie*, we have no basis to conclude that the BIA erred in applying the persecutor bar despite Wang's redemptive act.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

7