Prenga v. Sessions

BIA
Straus, IJ
A070 449 551

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of August, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

GJOVALIN PRENGA,
> *Petitioner,*

> v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

17-1484
NAC

| | |
|---|---|
| **FOR PETITIONER:** | Alan Michael Strauss, Franklin, ME. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Manuel A. Palau, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gjovalin Prenga, a stateless native of Albania, seeks review of an April 24, 2017, decision of the BIA affirming a January 11, 2016, decision of an Immigration Judge ("IJ") finding Prenga removable and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gjovalin Prenga,* No. A 070 449 551 (B.I.A. Apr. 24, 2017), *aff'g* No. A 070 449 551 (Immig. Ct. Hartford Jan. 11, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as necessary to explain our decision to deny the petition.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and we review legal questions, including the application of law to fact, de novo. *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

2

## I.  Removability

The Immigration and Nationality Act ("INA") provides that "[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."  8 U.S.C. § 1182(a)(6)(E)(i).  Prenga was convicted of alien smuggling pursuant to 8 U.S.C. § 1324(a)(2) and was charged as removable under 8 U.S.C. § 1182(a)(6)(E)(i).

Although Prenga initially argued that he did not knowingly aid and abet an unlawful entry, he did not contest his removability after his proceedings were reopened, either before the IJ or on appeal to the BIA. Accordingly, he has failed to exhaust any challenge to his removability.  *Foster v. U.S. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (issues must generally be raised before the BIA in order to be preserved for judicial review).

## II.  Asylum

The INA provides that an offense under 8 U.S.C. § 1324(a)(2) is an aggravated felony, "except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose

of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter." 8 U.S.C. § 1101(a)(43)(N). Because Prenga was convicted under 8 U.S.C. § 1324(a)(2)(A) for aiding and abetting the illegal entry of his cousin and her friend rather than a spouse, child, or parent, the aggravated felony provision applies and bars asylum. 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i). This aggravated felony provision applies to offenses under 8 U.S.C. § 1324(a)(2) without regard to whether the offense is a misdemeanor or a felony. *See* 8 U.S.C. § 1101(a)(43)(N).

**III. Withholding of Removal**

An applicant for withholding of removal must show a likelihood that his or her life or freedom will be threatened on account of the applicant's "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). A past threat to life or freedom creates a presumption of a future threat. 8 C.F.R. § 1208.16(b)(1). However, this presumption may be rebutted if the Government shows by a "preponderance of the evidence" that "[t]here has been a fundamental change in circumstances such that the

4

applicant's life or freedom would not be threatened." 8 C.F.R. § 1208.16(b)(1)(i)(A), (ii). The agency must conduct an individualized analysis that takes into account the applicant's particular circumstances and any evidence offered that contradicts country conditions reports. *See Lecaj*, 616 F.3d at 115-16.

Substantial evidence supports the IJ's conclusion that there has been a fundamental change in Albania. The country reports, particularly the State Department's 2006 Asylum Profile, reflected a fundamental change in Albania's government since the end of the communist regime, stating that there are high levels of religious tolerance and no evidence of retribution against those who have returned to Albania after fleeing the country during communism. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 188 (2d Cir. 2006) (holding that "there is no doubt that there has been a fundamental change in the political structure and government of Albania, beginning in 1990"). Prenga argues that the Government had the burden of proving that conditions have fundamentally changed within the military specifically. However, the country conditions reports stating that the military is subject to civilian control

5

suggest that there has also been a fundamental change in the military, and there is no evidence in the record suggesting that the military continues to discriminate based on religion or political opinion. Moreover, it is unlikely that conditions in the military are relevant to Prenga's individual circumstances because there is no evidence that he would be forced to serve in the military again or that he would be targeted for escaping a military prison during the communist era. *See Lecaj*, 616 F.3d at 115-16 (allowing reliance on State Department reports, as long as agency also considers "any contrary or countervailing evidence").

**IV. CAT Relief**

An applicant for CAT relief must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). The agency must consider "all evidence relevant to the possibility of future torture," including "[e]vidence of past torture," evidence regarding the possibility of internal relocation, "[e]vidence of gross, flagrant, or mass violations of human rights," and "[o]ther relevant information regarding

6

conditions in the country of removal."  8 C.F.R. § 1208.16(c)(3)(i)-(iv).  However, evidence of past torture does not create a presumption that an applicant will be tortured in the future.  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir. 2004) ("A CAT claim focuses solely on the likelihood that the alien will be tortured . . . regardless of the alien's . . . past experiences.  Unlike an asylum claim, the CAT claim . . . requires a showing with respect to future, rather than past, treatment.").

Prenga argues that his past mistreatment amounted to torture and that he is likely to face torture again because there is no evidence that he was pardoned for his military conviction and escape.  However, the 2006 Asylum Profile reported that the post-communist Albanian government has not targeted returning Albanians who formerly opposed or fled communist rule, and none of the other evidence in the record contradicts this.  Prenga did not submit letters from his parents in Albania or other evidence that the government is personally interested in him.  Given the lack of evidence that similarly situated individuals have been arrested or mistreated, Prenga's fear of torture is too speculative to warrant relief.  *See Mu Xiang Lin v. U.S. Dep't of Justice*,

7

432 F.3d 156, 160 (2d Cir. 2005) (petitioner must establish that someone in his particular circumstances would more likely than not face torture); *cf. Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record for [petitioner's] assertion that he will be subjected to [future harm], his fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Prenga's motion to stay removal is DENIED as moot. Petitioner's pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8