Armas-Armas v. Garland

BIA
Laforest, IJ
A206 373 541

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand twenty-three.

PRESENT:
　　　DENNY CHIN,
　　　RAYMOND J. LOHIER, JR.,
　　　ALISON J. NATHAN,
　　　　　*Circuit Judges.*

_____

SEGUNDO PABLO ARMAS-ARMAS,
　　　*Petitioner*,

　　v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
　　　*Respondent*.

_____

20-3042
NAC

FOR PETITIONER:　　　　　Michael Borja, Esq., Jackson Heights, NY.

FOR RESPONDENT:　　　　　Brian M. Boynton, Acting Assistant Attorney General; Bernard A.

Joseph, Senior Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Segundo Pablo Armas-Armas, a native and citizen of Ecuador, seeks review of an August 10, 2020 decision of the BIA affirming a September 4, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Segundo Pablo Armas-Armas*, No. A 206 373 541 (B.I.A. Aug. 10, 2020), *aff'g* No. A 206 373 541 (Immig. Ct. N.Y. City Sept. 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law *de novo*. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "[T]he administrative

2

findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We deny the petition because the record supports the agency's conclusion that conditions in Ecuador have changed such that Armas-Armas no longer has a well-founded fear of persecution or torture, and he has both failed to exhaust and waived any challenge to that determination. Applicants for asylum and withholding of removal must establish past persecution or a well-founded fear of future persecution. 8 C.F.R. §§ 1208.13(b), 1208.16(b). Past persecution creates a rebuttable presumption of future "persecution on the basis of the original claim." 8 C.F.R. § 1208.13(b)(1); *see also id.* § 1208.16(b)(1) (same as to withholding). "That presumption may be rebutted if an . . . immigration judge" finds "by a preponderance of the evidence" that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." *Id.* § 1208.13(b)(1); *id.* § 1208.13(b)(1)(ii) (placing burden to rebut presumption on the Government). An applicant for CAT relief has the burden to establish that he would "more

3

likely than not" be tortured.  *Id.* § 1208.16(c)(2).  To determine the likelihood of torture, the agency may consider, among other things, "relevant information regarding conditions in the country of removal."  *Id.* § 1208.16(c)(3).

Armas-Armas alleged past persecution in Ecuador on account of his affiliation with a political party that supported the rights of indigenous people.  However, he conceded that a new president has been elected whose policies are favorable to indigenous people, and that he can return and live safely in Ecuador.  On this record, the preponderance of the evidence reflects that Armas-Armas no longer has a fear of persecution or torture.  *See Lecaj v. Holder*, 616 F.3d 111, 115 (2d Cir. 2010) (requiring "an individualized analysis of how changed conditions would affect the specific petitioner's situation" (quotation marks omitted)).

Moreover, Armas-Armas did not challenge the IJ's finding of changed circumstances on appeal to the BIA and does not challenge it here.  Accordingly, the issue is both unexhausted and waived.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (deeming abandoned

4

claims not argued in brief); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (requiring applicant to raise issues before the BIA to preserve them for judicial review).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court